**Dontie S. MITCHELL, Plaintiff–Appellant,**

v.

**NEW YORK STATE SUPREME COURT, APPELLATE DIVISION, THIRD DEPARTMENT, D. Bruce Crew, III, Anthony J. Carpinello, Thomas E. Mercure, Edward O. Spain, Carl J. Mugglin, Defendants–Appellees.**

**Docket No. 02–0068.**

**United States Court of Appeals, Second Circuit.**

**Dec. 23, 2002.**

Dontie S. Mitchell, for Appellant, pro se.*

Present: NEWMAN, SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of December Two thousand and two.

---

* By letter dated April 16, 2002, the Attorney General of the State of New York declined to appear for the defendants asserting that they

Plaintiff-appellant Dontie Mitchell, *pro se*, incarcerated, and proceeding *in forma pauperis*, appeals from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*) dismissing his 42 U.S.C. § 1983 complaint.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appellant filed a § 1983 complaint against the New York State Supreme Court, Appellate Division, Third Department, and defendants Crew III, Carpinello, Mercure, Spain, and Mugglin—the panel of judges of the Appellate Division, Third Department that presided over his state court appeal—alleging that they violated his constitutional rights by rejecting his claims of unlawful detention. *See New York v. Mitchell,* 283 A.D.2d 769, 724 N.Y.S.2d 229 (3d Dep't 2001) (affirming appellant's robbery conviction in the County Court of Albany County and rejecting his claim that the arresting officers were outside their jurisdiction when they questioned and subsequently arrested him). In the suit at bar, appellant sought from the United States District Court for the Northern District of New York a declaratory judgment to the effect that the Appellate Division had violated his constitutional rights, and an injunction compelling the defendants to reconsider his claims.

On appeal, appellant has abandoned his claim against the Appellate Division itself. Brief for Appellant, 2 n. 1. With respect to appellant's other claims, we agree with the district court that federal courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if

have not been properly served with process in this action.

those challenges allege that the state court's action was unconstitutional." *Mitchell v. New York Sup.Ct.App. Div.,* No. 9:01–CV–1862, Slip Op. at 2 (N.D.N.Y. Jan. 14, 2002) (quoting *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). This action is just such a challenge. We therefore affirm as to those claims substantially for the reasons set forth in the opinion of the district court.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.